1  SEYFARTH SHAW LLP
   Giovanna A. Ferrari (SBN 229871)
2  gferrari@seyfarth.com
   Jessica E. Mendelson (SBN 280388)
3  jemendelson@seyfarth.com
   560 Mission Street, 31st Floor
4  San Francisco, California  94105
   Telephone:    (415) 397-2823
5  Facsimile:    (415) 397-8549

6  Attorneys for Defendants
   CORE Education and Consulting Solutions, Inc.,
7  CORE Education & Technologies Limited

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                          SAN JOSE DIVISION
11

12  | Misha Consulting Group, Inc., d/b/a eBusinessDesign, | Case No.  5:13-cv-04262-PSG |
    |---|---|
    | Plaintiff, | **CORE EDUCATION AND CONSULTING SOLUTIONS, INC., AND CORE EDUCATION & TECHNOLOGIES LIMITED'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM** |
    | v. | |
    | CORE Education and Consulting Solutions, Inc., and CORE Education & Technologies Limited, | |
    | Defendants. | Date        November 19, 2013<br>Time:       10:00 a.m.<br>Judge:      Honorable Paul S. Grewal<br>Courtroom: Room 5, 4th Floor<br><br>**[Fed. R. Civ. P. 12(b)(6)]** |

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 19, 2013, at 10:00 a.m., or as soon thereafter as counsel can be heard in the above-entitled Court, in Courtroom 5 on the 4th Floor, Defendants CORE Education and Consulting Solutions, Inc. ("CORE US"), and CORE Education & Technologies Limited ("CORE India"), through counsel, will and hereby moves to dismiss all claims against Defendants CORE US and CORE India pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendants move to dismiss the entire Complaint on the grounds that Plaintiff Misha Consulting, Inc. d/b/a eBusinessDesign (" Plaintiff" or "EBD") has failed to sufficiently allege any cause of action against any of the Defendants.

Plaintiff's first cause of action for breach of contract fails, as Plaintiff has failed to plead the existence of a contract, or even show it performed any duties as required under the alleged contract. Similarly, Plaintiff's second and third causes of action for common counts fail, as these claims are dependent on a failed breach of contract claim, and thus, cannot survive.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities appended to it, all pleadings and documents on file herein, and on such other and further oral and documentary evidence as may be presented at or before the hearing on this matter.

Pursuant to the Standing Order for the San Jose Division of the Northern District of California Federal Court, counsel for Defendants met and conferred with counsel for Plaintiff to ensure the hearing date would not cause undue prejudice.

DATED: September 20, 2013                    Respectfully submitted,

                                             SEYFARTH SHAW LLP


                                             By: /s/ Jessica Mendelson
                                                 Giovanna A. Ferrari
                                                 Jessica E. Mendelson
                                                 Attorneys for Defendants
                                                 CORE Education and Consulting Solutions,
                                                 Inc., and CORE Education & Technologies
                                                 Limited

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Misha Consulting Inc. d/b/a eBusinessDesign ("EBD" or "Plaintiff") filed a complaint ("Complaint") alleging claims for relief for breach of contract, as well as two common counts against Defendants CORE Education and Consulting Solutions, Inc. ("CORE US"), and CORE Education & Technologies Limited ("CORE India"), (collectively "Defendants"). Plaintiff alleges it had an agreement with Defendants to provide services, in exchange for a monthly payment. However, Plaintiff has failed to provide even a summary of what the agreement entails, let alone provide the agreement itself, and as such, cannot establish a claim for breach of contract. As such, Plaintiff's first cause of action for breach of contract must fail.

Similarly, Plaintiff's second and third causes of action for common counts fail, as Plaintiff's claims are dependent on a failed breach of contract claim, and thus, cannot survive. Furthermore, even if such claims were considered independent of the breach of contract claim, Plaintiff has failed to plead the elements required to recover for common counts.

Accordingly, Defendants moves this Court to dismiss Plaintiff's Complaint in its entirety, for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  STATEMENT OF RELEVANT FACTS

Plaintiff's Complaint provides minimal background as to the facts of this case. Plaintiff alleges CORE US and CORE India "engaged [EBD] to provide software management and maintenance services" during the months of "March 2013 and April 2013." Complaint at p. 3. EBD provides no further details as to the types of services provided, stating only that the information is "summarized in email exchanges dated March 6 and invoices issued" by EBD. *Id.* These emails and invoices are not attached to the Complaint, nor are the contents summarized in the Complaint. *Id.*

Plaintiff alleges Defendants "agreed to compensate [EBD] for the services at a rate of $60,000 per month." *Id.* Defendants then allegedly failed to make timely payments. *Id.* Based on these limited facts, Plaintiff alleges a cause of action for breach of contract as well as two

common counts against Defendants. Complaint at pp. 4 and 5.

### III. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6).

Under Federal Rule of Civil Procedure 12(b)(6), the Court may grant a motion to dismiss a complaint or claim where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Failure to plead claims in compliance with Rule 8(a) warrants dismissal. *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981); *Ahearn v. City of Palos Verdes*, 2008 WL 1330461, *12 (C.D. Cal. 2008); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

In order to survive dismissal, a plaintiff must proffer "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be enough to raise a right to relief "above the speculative level," and the plaintiff must have "nudged [its] claims across the line from conceivable to plausible . . ." *Id.*; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (questioned on other grounds).

In *Twombly*, the Supreme Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted) (emphasis added). Thus, a court is not required to accept as true allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (internal citations omitted). The court is also not required to accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. *Id.*

In *Iqbal*, the Supreme Court affirmed and expanded upon *Twombly*, stressing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S.Ct. at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint… has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (*citing* Rule 8(a)(2)).

### A. Plaintiff Fails To Plead A Claim For Breach of Contract.

Plaintiff has not established the elements of a breach of contract, and thus, fails to properly plead such a claim. Under California law, the elements of a cause of action for breach of contract are, (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). "It is well-settled a pleader must state with certainty the facts constituting a breach of contract." *Melican v. Regents of the Univ. of California*, 151 Cal. App. 4th 168, 174 (2007) (emphasis added). "If the action is based on an alleged written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference." *Otworth v. Southern Pac. Trans. Co.*, 166 Cal. App. 3d 452, 459 n.4 (1985).

Here, EBD has failed to plead the existence of a contract governing this dispute. Instead, EBD simply states that Defendants were "engaged to provide software management and maintenance services," and that it was "summarized in email exchanges" and "invoices" but provides no detail about the exact terms of the alleged agreement. California law, however, does not permit such vague allegations: for an action based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint, or a copy of the written contract must be attached to the complaint and incorporated by reference. See *FPI Dev., Inc. v. Nakashima*, 231 Cal. App. 3d 367, 383 (1991); *Otworth v. Southern Pac. Transp. Co.*, 166 Cal. App. 3d 452, 458-59, (1985); *Harris v. Rudin, Richman & Appel*, 74 Cal. App. 4th 299, 307 (1999); see also Cal. Civ. Proc. §430.10(g). Here, Plaintiff has failed to do either. The terms are not stated in the Complaint itself, nor did Plaintiff attach a copy of the written agreement to the Complaint.

Moreover, Plaintiff's general allegations of breach of contract are insufficient: Pleaders must state facts showing an actual breach. *Levy v. State Farm Mutual Automobile Ins. Co.*, 150 Cal. App. 4th 1, 5-6 (2007); see also *Melican*, 151 Cal. App. 4th at 174. ("[A] pleader must state with certainty the facts constituting a breach of contract.") Here, the Complaint provides no information regarding the specific terms of the contract. There are no details about what

performance of the contract entailed, when exactly the breach purportedly occurred or any other facts supporting Plaintiff's allegation that a contract was, in fact, entered into and subsequently breached. Complaint, p. 3. In short, Plaintiff's allegations are simply conclusions and do not establish a plausible claim for breach of contract. See *Twombly*, 550 U.S., at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"); *Iqbal*, 129 S.Ct., at 1950-51. Rather, Plaintiff merely includes the type of vague and conclusory allegations rejected by the Supreme Court in *Twombly* and *Iqbal*.

Similarly, EBD fails to allege the second element, Plaintiff's performance or excuse for nonperformance with specificity. Here, EBD's duties under the terms of the contract cannot simply be providing Defendants with invoices, yet EBD fails to mention any other responsibilities which the company had under the contract, apart from a generic description of "services." Complaint, p. 3. Plaintiff provides no additional explanation about the type of services it is providing to Defendants. Plaintiff cannot and has not successfully asserted it performed as required under the contract, when the requirements for performance are not clearly defined.

Ultimately, Plaintiff fails to "plead with certainty the facts constituting breach of contract." *Melican*, 151 Cal. App. 4th at 174 (dismissing breach of contract claim for failure to plead specifically which defendant breached which contract); *Twombly*, 550 U.S. at 555 (explaining the allegations "must be enough to raise a right to relief above the speculative level"); *Iqbal*, at 555-56 (calling for dismissal of a complaint that "stops short of the line between possibility and plausibility of entitlement to relief"). As such, Plaintiff's first claim for breach of contract should be dismissed with prejudice.

### B. Plaintiff Fails To Plead A Claim For Common Counts.

#### 1. Plaintiff's Common Count Claims Cannot Survive Because They Are Based On a Non-Surviving Breach of Contract Claim.

EBD's remaining common count claims are based on the claim its unsustainable breach of contract claim, and thus, must be dismissed. "When a common count is used as an alternative way of seeking the same recovery demanded in a specific [claim], and is based on the same

4

facts," it does not survive if the underlying claim does not survive. *McBride v. Boughton*, 123 Cal.App.4th 379, 394 (2004). More specifically, where a complaint contains a common count and a specific count for breach of contract, the common count cannot stand where the specific count for breach of contract fails to state a claim upon which relief can be granted. See *Parker v. Solomon*, 171 Cal. App. 2d 125 (1959) (holding that "it is proper to sustain a general demurrer to a common count separately pleaded in a complaint where the recovery sought on the common count is obviously based on the same set of facts specifically pleaded in the count which fails to state a cause of action"); *Lambert v. Southern Counties Gas Co.*, 52 Cal. 2d 347 (1959) ("[I]f the count containing the specific facts is demurrable, so is the common count which is obviously based on the same set of facts.").

### 2. Plaintiff's Common Count Claims Are Not Pled with Specificity, and Thus, Cannot Survive.

Even if EBD's common counts claims were independent of the breach of contract claim, EBD fails to plead the claims with specificity as required under *Twombly*. Under California law, "a common count is not a specific cause of action. . . rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness, including that arising from an alleged duty to make restitution under an assumpsit theory." *McBride*, 123 Cal. App. 4th at 394. The essential allegations are (1) indebtedness, (2) consideration, and (3) nonpayment. *Eurodrip, USA, Inc. v. B & B Drop Irrigation, Inc.*, 2009 U.S. Dist. LEXIS 70394, at *10 (E.D.Cal. 2009); See also, *Farmers Ins. Exchange v. Zerin*, 53 Cal.App.4th 445, 460, (1997).

EBD's second cause of action fails to show consideration as it is not clear how either party obtained a benefit or suffered prejudice as a result of the other party's actions. To show valid consideration, "the promisee must confer (or agree to confer) a benefit or must suffer (or agree to suffer) prejudice." *Steiner v. Thexton*, 48 Cal. 4th 411 (2010). Furthermore, the benefit or the prejudice must be bargained for. *Id.* Here, EBD has not shown either party has benefited or been prejudiced by the alleged transaction, or that the parties bargained for any such benefit or prejudice. Instead, EBD makes generic, conclusory allegations against Defendants, claiming that

Defendants "became indebted to Plaintiff" but fail to specify why or how, and that Plaintiff is owed money for services rendered. See Complaint, pp. 4-5; *Grewal v. Choudhury*, 2007 WL 3146537 (N.D. Cal. 2007) (granting a motion to dismiss common counts where Plaintiff failed to specify the consideration at issue). Indeed, EBD never specifically states what services were provided in order to create this debt obligation. *Id.*

Since EBD has not properly pled the elements required to assert a common count, EBD's claims should be dismissed at the outset for failure to place these defendants on adequate notice of the claims against them as required by Rule 8(a). See *Iqbal*, 556 U.S. at 678 (a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face"). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id* (citation omitted). As such, Plaintiff's second and third claims for common counts should be dismissed with prejudice.

## IV. CONCLUSION

Based on the foregoing, CORE respectfully requests this Court dismiss Plaintiff's Complaint for failure to state a claim.

DATED: September 20, 2013

Respectfully submitted,

SEYFARTH SHAW LLP

By: *Jessica Mendelson*
Giovanna A. Ferrari
Jessica E. Mendelson
Attorneys for Defendants
CORE Education and Consulting Solutions, Inc., CORE Education & Technologies Limited

16132414v.1