UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MISHA CONSULTING GROUP, INC., D/B/A EBUSINESSDESIGN,<br><br>Plaintiff,<br><br>v.<br><br>CORE EDUCATION AND CONSULTING SOLUTIONS, INC., AND CORE EDUCATION AND TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. C-13-04262-RMW<br><br>**ORDER DENYING DEFENDANT CORE EDUCATION AND CONSULTING SOLUTIONS, INC. AND CORE EDUCATION AND TECHNOLOGIES LIMITED'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**[Re: Docket No. 7]** |

Defendants CORE Education and Consulting Solutions, Inc., and CORE Education and Technologies Limited ("CORE") move to dismiss plaintiff Misha Consulting Group's complaint for failure to state a claim for breach of contract. Dkt. No. 7 ("MTD"). As the parties did not appear, based on the briefs, the court denies the motion.

**I. BACKGROUND**

This is a state law breach of contract and common counts action arising from CORE's alleged failure to pay for software management and maintenance services rendered by Misha Consulting Group ("Misha") d/b/a eBusinessDesign ("EBD") in March and April 2013. Misha alleges that an email exchange on March 6, 2013 formed a contract in which EBD would provide

software management and maintenance services in exchange for $120,000. Dkt. No. 1, Exh. A ("Complaint") at 3. On September 13, 2013, CORE removed this case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. CORE now moves to dismiss all three causes of action for failure to state a claim.

## II. ANALYSIS

### A. Breach of Contract

To state a claim for breach of contract under California law, Plaintiffs must plead four elements: "(1) the existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado,* 158 Cal. App. 4th 1226, 1239 (2008).

#### 1. Pleading the Existence of a Contract

The parties dispute the legal standard for sufficiently pleading the existence of a contract. CORE cites *Otworth v. Southern Pac. Transp. Co.,* 166 Cal. App. 3d 452 (1985), which holds that "the terms [of the contract] must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference." *Id*. at 459. Misha, on the other hand, cites *Boland, Inc. v. Rolf C. Hagen (USA) Corp.*, 685 F. Supp. 2d 1094, 1102 n.7 (E.D. Cal. 2010), which collects district court cases in this circuit, concluding that most district courts in this circuit decline to follow *Otworth*.

In general, this district has followed *Boland*. For example, *James River Ins. Co. v. DCMI, Inc.*, No. 11-06345, 2012 WL 2873763 (N.D. Cal. July 12, 2012) holds that "the majority rule in district courts in this circuit rejects application of *Otworth* in federal actions; rather, the sufficiency of the complaint is governed according to the Federal Rules of Civil Procedure and federal law interpreting those rules." *Id*. at *3. Under the federal rules, a "plaintiff may set forth the contract verbatim in the complaint or plead it, as indicated, by exhibit, or plead it according to its legal

effect." Fed. R. Civ. P. Official Form 3, 12; *see also* Fed. R. Civ. P. 84 (declaring these forms to be sufficient).

This court, in accordance with the majority of district courts in this circuit, has held that "[t]he complaint must identify the specific provision of the contract allegedly breached by the defendant." *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 930 (N.D. Cal. 2012). Identifying the specific provision of the contract allegedly breached by the defendant does not require the plaintiff to attach the contract or recite the contract's terms verbatim. Rather, the plaintiff must identify with specificity the contractual obligations allegedly breached by the defendant. This is "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here, the complaint identifies the specific provision of the contract allegedly breached by the defendants. Plaintiff alleges that CORE engaged Misha "to provide software management and maintenance services to CORE during the months of March 2013 and April 2013." Complaint at 3. It also states the consideration due Misha in return for the services. *Id.* Although the complaint could have been more specific, it sets out the type of services requested, the dates of performance, and the contract price. Further, the complaint refers to the dates of the e-mail exchanges within which the contract was allegedly formed.[1] *Id.* These allegations put the defendants on notice and give rise to a plausible claim for relief.

### 2. Pleading Breach

CORE claims that Misha did not sufficiently plead breach. MTD at 4-5. However, Misha alleges that "CORE did not make the payments when due." Complaint at 3. In addition, the complaint states that "CORE made multiple assurances to EBD that payments of the outstanding balance of $120,000 would be made," and that "EBD has not received any portion of the $120,000 payment from CORE for EBD's Services." *Id.* These facts raise "a plausible claim for relief," as

---

[1] The court does not consider the substance of these emails, provided as an attachment to the plaintiff's opposition brief, as it can only consider the complaint itself in ruling on a motion to dismiss for failure to state a claim. *Shaver v. Operating Engineers Local 428 Pension Trust Fund*, 332 F.3d 1198, 1201 (9th Cir. 2003).

ORDER
Case No. C-13-04262-RMW
RDS

- 3 -

they show that CORE owed specific payments to plaintiff and did not pay. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

CORE also argues that the complaint should be dismissed because it does not explain when breach occurred. MTD at 4. But Misha alleges that breach occurred "on or about March 31, 2013 and May 1, 2013." Further, even *Otworth* only requires the plaintiff to plead that breach occurred, not the specific time of breach. *Otworth v. S. Pac. Transp. Co.*, 166 Cal. App. 3d 452, 458 (1985). Therefore, Misha sufficiently plead breach by alleging that CORE did not make payments when due.

### 3. Pleading Performance of the Contract

Misha also overcomes CORE's contention that the complaint does not sufficiently plead performance of the contract. In the complaint, Misha alleges that "EBD rendered the agreed-upon services in March 2013 and April 2013." The pleading also states that "EBD invoiced CORE at the agreed-upon sum of $60,000 per month for the Services in March 2013 and April 2013." Although it is unclear whether sending an invoice was required to fully perform, Misha alleges that EBD both provided the software management and maintenance services to CORE and invoiced CORE for the amount owed. As the complaint indicates that EBD rendered services to CORE in accordance with the terms of the contract as plead, it sufficiently pleads performance.

### B. Common Counts

Finally, CORE argues that Misha did not provide enough facts to state a claim for its common counts. MTD at 5-6. Misha used a form approved by the Judicial Council of California to plead its common counts causes of action. Judicial Council of California Form PLD-C-001(2). While the form is sparse on facts, it includes the necessary allegations to state a claim for relief.

Both parties point to *Eurodrip, USA, Inc. v. B & B Drip Irrigation, Inc.*, No. 09-00716, 2009 WL 2365845 (E.D. Cal. July 31, 2009). According to *Eurodrip*, "[a] common count is derived from the common law action of general assumpsit, in which indebtedness was pleaded on the basis of

generalized reasons (money had and received, goods sold and delivered, work and labor done, materials furnished, etc.) that actually amounted to legal conclusions." *Eurodrip*, 2009 WL 2365845, at *4 (E.D. Cal. July 31, 2009) (citing 4 Witkin, *California Procedure* (5th ed. 2008), ¶ 553). "The only essential allegations of a common count are (1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment." *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 460 (1997).

Here, the pleading form used by Misha sufficiently alleges the statement of indebtedness in a certain sum, consideration, and nonpayment. For the second cause of action, Misha states that within the last four years, CORE became indebted to it for $120,000 because an account was stated in writing between the parties in which it was agreed that CORE was indebted to Misha. Complaint at 4. For the third cause of action, Misha pleads that within the last two years, CORE became indebted to Misha for $120,000 for services rendered at CORE's request and for which CORE promised to pay Misha. *Id*. at 5. CORE argues that "EBD never specifically states what services were provided in order to create this debt obligation." MTD at 6. But to survive a motion to dismiss, the pleading must only generally aver the form of consideration. *Eurodrip*, 2009 WL 2365845, at *4 (E.D. Cal. July 31, 2009). Misha meets this burden by pleading that it rendered services to the defendant.

Moreover, the common counts were apparently alleged based on the same facts as the breach of contract action, and Misha seeks the same remedy as in that claim. Therefore, the common counts are essentially alternative statements of the breach of express contract claim, which was adequately plead. The basic common counts pleadings sufficiently state a claim for relief. *Id*. at *5.

### III. ORDER

For the foregoing reasons, the court denies CORE's motion to dismiss.

Dated: November 15, 2013

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge